IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN K. HARRIS,         *
   Plaintiff
                *
  v                  Civil Action No.: CCB-07-2620
                *
FARMERS NEW CENTURY INSURANCE,
 et al.,
   Defendants        *
              ******

## MEMORANDUM

  The above-captioned case was filed by plaintiff pro se, along with a motion to proceed in forma pauperis. Because plaintiff appears indigent, the motion (Paper No. 2) shall be granted.

  Plaintiff states that he was involved in an automobile accident in April of 2004. He initiated a claim with Defendant Farmers New Century Insurance, his insurance company. Plaintiff alleges that Farmers New Century Insurance negligently investigated the claim and also "wrongfully settled the claim without his knowledge." Aggrieved by these actions, plaintiff filed a complaint with Defendant Maryland Insurance Administration, who he claims also negligently investigated the matter and erroneously found in favor of Farmers New Century Insurance. Still dissatisfied, plaintiff pursued his administrative remedies by requesting an administrative hearing and the contents of his file created by the Maryland Insurance Administration with Defendant "Maryland Office of Administrative Hearings." Plaintiff states that the request for his file was construed as a request under Maryland's Public Information Act, which resulted in a hearing.

  Plaintiff next alleges that the hearing was held without the full record being available and this violated his right to "equal protection." Plaintiff also states that he subpoenaed witnesses that

were not obligated to attend, in particular his former attorney Mark Darden.[1] Plaintiff states that he entered into an unfair settlement hearing under duress and protest after he unsuccessfully attempted to postpone the hearing pending the outcome of his Public Information Act hearing. The judgment at the hearing was "disfavorable" to him, and he asks this court to review the matter.

Federal district court is not the proper forum for the instant complaint. Plaintiff apparently seeks to invoke the federal question jurisdiction of this court; however, there is no federal question involved in the controversy he describes. Resolution of his grievance involves application of Maryland insurance law, tort law, and the Public Information Act. Plaintiff's bald allegation of an equal protection violation is insufficient to invoke this court's jurisdiction.

Accordingly, the instant action must be dismissed. A separate order follows.


  November 19, 2007                             /s/
Date                                    Catherine C. Blake
                                        United States District Judge

---

[1] Plaintiff has named Addison-Darden, P.C. as a defendant in the caption of his complaint, as well as the Attorney Grievance Commission of Maryland and Norris Ford, aka George R. Norris. These defendants are not referenced in the body of his complaint.